UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AUI PARTNERS LLC, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 23-12292-WGY |
| STATE ENERGY PARTNERS LLC, FK CONSTRUCTION FUNDING, LLC, | ) ) ) | |
| Defendants. | ) ) | |
| FK CONSTRUCTION FUNDING, LLC, | ) ) ) | |
| Counterclaim Plaintiff, v. | ) ) | |
| AUI PARTNERS LLC, | ) ) ) | |
| Counterclaim Defendant. | ) ) ) | |

YOUNG, D.J.                                        February 13, 2025

**MEMORANDUM OF DECISION**

At the final pretrial conference, on January 29, 2025,

Elec. Clerk's Notes, ECF No. 161, the Court allowed AUI Partners

LLC's ("AUI Partners") Motion for Summary Judgment ("the Summary

Judgment Motion"), ECF No. 101, only as to AUI's Second

Affirmative Defense, AUI's Answer First Am. Countercl. ("AUI's

Answer"), ECF No. 72, to FK Construction Funding, LLC's ("FK

Construction") Counterclaim, FK Construction's First Am. Answer

& Countercl. ("the Counterclaim"), ECF No. 64, only as to the

execution of lien waiver documents that release claims for extra work on the Swan Holt Project through February 28, 2023, and the Exeter and Enfield Projects through January 31, 2023.[1] The Summary Judgment Motion was otherwise denied on December 18, 2024. See Order, ECF No. 154. The Court's reasoning follows.

I. **Background**

A. **Procedural History**

On October 4, 2024, AUI filed the Summary Judgment Motion, supported by a Memorandum of Law ("AUI Mem."), ECF No. 101, and supporting materials. On November 4, 2024, FK Construction and State Energy Partners ("SEP") filed their joint memorandum in opposition, Mem. Opp. AUI's Mot. Summ. J. ("Joint Opp'n"), ECF No. 120, and supporting materials. AUI filed a reply. AUI's Reply Supp. Mot. Summ. J. ("AUI Reply"), ECF No. 139. On December 17, 2024, after a hearing on the motion for summary judgment, the Court took the matter under advisement solely on AUI Partners's Second Affirmative Defense to the Counterclaim, and otherwise denied the motion. See Order, ECF No. 154. The Court allowed the motion as to that affirmative defense at the final pretrial conference. Elec. Clerk's Notes, ECF No. 161.

---

[1] The Swan Holt, Exeter, and Enfield Projects are identified below.

### B.    Undisputed Facts[2]

AUI Partners is a Texas Engineering, Procurement and Construction contractor.  SOF ¶ 5.  SEP is an electrical subcontractor.  Id. ¶¶ 2, 6, 8.  FK Construction is a factoring company that worked with SEP, and for purposes of this motion is seeking to recover for purported extra work performed by SEP on AUI's projects.  Id. ¶ 9; FK Construction's First Am. Answer & Countercl. 10-11, 17.

On March 31, 2022, SEP signed a Master Subcontract with AUI, which included general terms for every AUI job.  SOF ¶¶ 13-15.  On April 4, 2002, State agreed to complete work on a solar project located in Carver, Massachusetts (the "Swan Holt Project") for AUI.  Id. ¶¶ 5, 15.  In November and December 2022, SEP submitted bids for AUI Partners projects in Enfield, Maine (the "Enfield Project"), and Exeter, Maine (the "Exeter Project").  Id. ¶ 24; FK Construction's First Am. Answer & Countercl. 12.

As relevant here, on the Swan Holt, Enfield, and Exeter projects, SEP executed lien waivers and release forms as prescribed by the Master Subcontract.  The lien waivers contained the following language:

---

[2] The undisputed facts are taken from the Plaintiff AUI Partners LLC's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment ("SOF ¶ __"), ECF No. 102.

On receipt by Subcontractor of a check, joint checks, or both from Contractor in the total sum of the Amount Due This Application stated above, and when such check(s) has/have been properly endorsed and has/have been paid by the bank on which it/they is/are drawn, this document becomes effective to release any mechanic's lien right, any right arising from a payment bond that complies with a state or federal statute, any common law payment bond right, any claim for payment, and any rights under any similar ordinance, rule, or statute related to claim or payment rights for persons in Subcontractor's position that Subcontractor has on the property of Owner located at the Project Address stated above, through the Period Ending stated above, for the Subcontract Work described in the Subcontract.  This release covers a progress payment for all labor, services, equipment, or materials furnished to the Project or to Contractor as indicated in this Application for Payment, except for unpaid retention, pending modifications and changes, or other items furnished. Before any recipient of this document relies on this Conditional Waiver and Release on Progress Payment, the recipient should verify evidence of payment to Subcontractor.

Lien Waivers, ECF Nos. 101-25 4-5 (Swan Holt); 101-25 8-9

(Enfield); 101-26 9-11 (Exeter) (collectively "the Lien

Waivers").  Paragraph 4 of the Lien Waivers states:

As of the date of the Period Ending stated above, I hereby certify that the Amount Due This Application, combined with the Amount of Previous Applications for Payment, stated above covers payment for all sums potentially due to Subcontractor, including all claims for delays, extra work, pending modifications and changes, or other items furnished, with the sole exception of unpaid retention and the following claims for delays, extra work, pending modifications and changes, or other items furnished, as described below and in the amounts stated below:

Lien Waivers ¶ 4.  The space below this statement was left blank

on each of the Lien Waivers.

[4]

The Lien Waivers additionally and specifically incorporate

Texas law relating to lien waivers:

> The Unconditional Release and Conditional Release
> contained in the preceding paragraph 5 and 6 are
> intended to comply with the requirement of Section
> 53.284(c) and (b) of the TEXAS PROPERTY CODE. Those
> waivers and releases shall be construed to comply with
> the requirements of Subcontract L of the TEXAS
> PROPERTY CODE and any provision in those waivers or
> releases that are determined to expand or restrict the
> rights or liabilities provided under Subcontract L of
> the TEXAS PROPERTY CODE shall be disregarded and the
> provisions of Subcontract L of the TEXAS PROPERTY CODE
> shall be read into those waivers or releases.

Lien Waivers ¶ 6.

## II.  ANALYSIS

### A.  Legal Standard

"The role of summary judgment is 'to pierce the pleadings

and to assess the proof in order to see whether there is a

genuine need for trial.'" Carrozza v. CVS Pharm., Inc., 992 F.3d

44, 56 (1st Cir. 2021) (quoting Mesnick v. General Elec. Co.,

950 F.2d 816, 822 (1st Cir. 1991)). "Summary judgment is

appropriate [only] when 'there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter

of law.'" Cocuzzo v. Trader Joe's East Inc., 121 F. 4th 924,

930 (1st Cir. 2024) (quoting Fed. R. Civ. P. 56(a)). As here,

where the moving party bears the burden of persuasion on its

affirmative defense, it must meet a higher burden at summary

judgment by "producing incontrovertible prima facie evidence of

[5]

its claims." Atlantic Specialty Ins. Co. v. Karl's Boat Shop,
Inc., 480 F. Supp. 3d 322, 329 (D. Mass. 2020) (footnote
omitted) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 331
(1986)).

**B.    The Lien Waivers Are Effective**

AUI Partners argues that Texas law applies because the
Master Subcontract contains a governing law provision requiring
the application of Texas law.  See AUI Mem. 12 n.15 (citing
Master Subcontract, Article 14.3).  Although FK Construction
purportedly "preserve[d] its argument that Massachusetts law
applies where Massachusetts public policy conflicts with Texas,"
Joint Opp'n 10 n.10, no argument was made that public policy
conflicts on this issue -- and none is apparent -- and therefore
the Court will apply Texas law.

Like most states, "Texas has a strong public policy
favoring freedom of contract." James Constr. Grp., LLC v.
Westlake Chem. Corp., 650 S.W.3d 392, 403 (Tex. 2022), reh'g
denied (Sept. 2, 2022).  Similar to the law of the Commonwealth
of Massachusetts, Texas law "construe[s] the language of an
unambiguous contract according to its plain meaning, attempting
to give effect to all provisions." Id. at 403; see A.L. Prime
Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479
Mass. 419, 428 (2018) (describing as a "general contract
principle[]" that "an unambiguous agreement must be enforced

[6]

according to its terms.") (citations omitted).  In particular,

"Texas courts regularly enforce unambiguous contract language

agreed to by sophisticated parties in arms-length transactions"

and "do not protect parties from the consequences of their own

oversights and failures in nonobservance of obligations

assumed."  James Constr. Grp., LLC,  650 S.W.3d at 403-04

(citation and internal quotation marks omitted).

AUI argues that SEP waived and released claims for payment

when it submitted lien waivers on the Swan Holt Project through

February 28, 2023, and the Exeter and Enfield Projects through

January 31, 2023.  See AUI Mem. 16-18.  AUI cites Texas cases

concerning the unremarkable concept of upholding release and

waiver under Texas law.  Id. at 16-17 (citing Ibarra v. Houston

Indep. Sch. Dist., 84 F. Supp. 2d 825, 829 (S.D. Tex. 1999);

Henry v. Masson, 333 S.W.3d 825, 844 (Tex. App. 2010); Dresser

Indus., Inc. v. Page Petroleum, Inc., 853 S.W.2d 505, 508 (Tex.

1993); Stafford v. Allstate Life Ins. Co., 175 S.W.3d 537, 541

(Tex. App. 2005); Sterling Equities, Inc. v. Chubb Custom Ins.

Co., 806 F. Supp. 2d 1004, 1008 (S.D. Tex. 2011); Wood Grp. USA,

Inc. v. Targa NGL Pipeline Co., LLC, No. 01-21-00542-CV, 2023 WL

5280249, at *9 (Tex. App. Aug. 17, 2023); and Keck Mahin & Cate

v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 20 S.W.3d 692,

698 (Tex. 2000); MMR Constructors, Inc. v. Dow Chem. Co., No.

[7]

01-19-00039-CV, 2020 WL 7062325, at *7 (Tex. App. Dec. 3, 2020)).

Under Texas law, parol evidence is not admissible unless the contract is ambiguous. URI, Inc. v. Kleberg Cnty., 543 S.W.3d 755, 764-65 (Tex. 2018). "In Texas, whether a contract is ambiguous is a question of law." Addicks Servs., Inc. v. GGP-Bridgeland, LP, 596 F.3d 286, 294 (5th Cir. 2010). "A contract is not ambiguous merely because the parties disagree about its meaning and may be ambiguous even though the parties agree it is not." URI, Inc., 543 S.W.3d at 763. "If a written contract is so worded that it can be given a definite or certain legal meaning . . . as applied to the matter in dispute, then it is not ambiguous." Id. at 765. At the same time, "if contract language is susceptible to more than one reasonable interpretation . . . , an ambiguity exists." Id.

AUI Partners argues that, to the extent any claims existed, the Lien Waivers bar claims for extra work on the Swan Holt, Enfield and Exeter Projects though the date of the respective Lien Waivers. AUI Mem. 18. The Lien Waivers included the following language:

> On receipt by Subcontractor of a check, joint checks, or both from Contractor in the total sum of the Amount Due This Application stated above, and when such check(s) has/have been properly endorsed and has/have been paid by the bank on which it/they is/are drawn, **this document becomes effective to release** any mechanic's lien right, any right arising from a

[8]

payment bond that complies with a state or federal
statute, any common law payment bond right, **any claim
for payment,** and any rights under any similar
ordinance, rule, or statute related to claim or
payment rights for persons in Subcontractor's position
that Subcontractor has on the property of Owner
located at the Project Address stated above, through
the Period Ending stated above, **for the Subcontract
Work described in the Subcontract.** This release
**covers a progress payment for all labor, services,
equipment, or materials furnished to the Project or to
Contractor as indicated in this Application for
Payment, except for unpaid retention, pending
modifications and changes, or other items furnished.**
Before any recipient of this document relies on this
Conditional Waiver and Release on Progress Payment,
the recipient should verify evidence of payment to
Subcontractor.

Lien Waivers (emphasis added). There is a space to describe and

except "unpaid retention and the following claims for delays,

extra work, pending modifications and changes, or other items

furnished, as described below" on the Lien Waivers, which was

left blank by SEP on each of the Lien Waivers. Lien Waivers ¶

4.

FK Construction argues that the release is more broad than

Texas law would permit and therefore ineffective, and that it is

unlawfully prejudiced by the effect of the lien waivers. Joint

Opp'n 4-9. AUI Partners responds that the statutory scheme does

not apply, but even if it did, the Lien Waivers substantially

comply. AUI Reply 5-8. AUI has the better of it here.

Pursuant to Section 53.284 of the Texas Property Code, a

"waiver and release given by a claimant or potential claimant is

[9]

unenforceable unless it **substantially complies** with the
applicable form" under that statute.  Tex. Prop. Code Ann. §
53.284(a) (emphasis added).  Here, to the extent applicable,
statutory form "must" read as follows:

> "On receipt by the signer of this document of a check
> from _____ (maker of check) in the sum of
> $_____ payable to _____ (payee or
> payees of check) and when the check has been properly
> endorsed and has been paid by the bank on which it is
> drawn, this document becomes **effective to release any**
> mechanic's lien right, any right arising from a
> payment bond that complies with a state or federal
> statute, any common law payment bond right, **any claim**
> **for payment, and any rights under any similar**
> **ordinance, rule, or statute related to claim or**
> **payment rights for persons in the signer's position**
> that the signer has on the property of
> _____ (owner) located at
> _____ (location) to the following
> extent: _____ (job description).
> "This release covers a progress payment for all labor,
> services, equipment, or materials furnished to the
> property or to _____ (person with whom
> signer contracted) **as indicated in the attached**
> **statement(s) or progress payment request(s), except**
> **for unpaid retention, pending modifications and**
> **changes, or other items furnished.**  "Before any
> recipient of this document relies on this document,
> the recipient should verify evidence of payment to the
> signer.  "The signer warrants that the signer has
> already paid or will use the funds received from this
> progress payment to promptly pay in full all of the
> signer's laborers, subcontractors, materialmen, and
> suppliers for all work, materials, equipment, or
> services provided for or to the above referenced
> project in regard to the attached statement(s) or
> progress payment request(s).

[10]

Tex. Prop. Code Ann. § 53.284(b).  FK Construction admits, as it must, there is no case law interpreting what constitutes substantial compliance.  Joint Opp'n 5 n.4.[3]

FK Construction argues that the requirement that SEP identify pending modifications and changes in a separate section does not substantially comply, because the requirement of identification of the pending modifications or changes puts the onus on the subcontractor to opt out of the release.  Id. at 5-7.

As an initial matter, as AUI Partners points out, there is no Texas-based lien claim being made in this action, and therefore the statutory limitations are not applicable at all to the release provisions.  AUI Reply 5-6.  Even presuming without ruling that the Texas statutory scheme applied, FK Construction's argument is a distinction without a difference.

---

[3] FK Construction argues that the novel issue here may "require seeking guidance from the Texas Supreme Court."  Joint Opp'n 5 n.4.  FK Construction is incorrect to the extent it is asserting that **this** Court can seek such guidance.  Only federal appellate courts may certify questions to the Supreme Court of Texas.  Silguero v. CSL Plasma, Inc., 907 F.3d 323, 332 (5th Cir. 2018) ("The Texas Constitution grants the Supreme Court of Texas the power to answer questions of state law certified by a federal appellate court.") (citing Tex. Const. art. V, § 3-c(a)); see TX R. App. P. 58.1 ("The Supreme Court of Texas may answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent.  The Supreme Court may decline to answer the questions certified to it.").

[11]

The provisions do nothing to expand or restrict the rights and obligations of the parties.  Rather, as AUI argues, nothing in the statutory scheme precluded AUI from requiring more specificity as to what claims, if any, are reserved.  AUI Reply 7-8.  It was incumbent upon SEP to identify extra work not falling within the lien waiver and release.  Presuming without ruling that the Texas statutory scheme applies here, the language substantially complies, and is effective as to the claims for payment for extra work that were not identified by SEP on the lien waiver through the dates on the respective Lien Waivers.  See Addicks Servs., Inc., 596 F.3d at 297 ("Addicks could have limited the reach of this release by listing its outstanding claims in the blank space provided for exceptions from the release.").

## III. CONCLUSION

AUI Partners LLC's Motion for Summary Judgment, ECF No. 101, as to Affirmative Defense No. 2 is ALLOWED only to the extent that FK Construction's counterclaim for payment for purported extra work is barred on the Swan Holt Project through February 28, 2023, and on the Enfield and Exeter Projects

through January 31, 2023, as matter of law under AUI Partners

LLC's Second Affirmative Defense.

**SO ORDERED.**

_William G. Young_
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[4]

---

[4] This is how my predecessor, Peleg Sprague (D. Mass 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 46 years.